IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| CARAVELS, LLC, d/b/a Georgia Transformer Corp., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No: 7:20-cv-00047-GEC |
| WEIDMANN ELECTRICAL TECHNOLOGY, INC., | ) ) ) ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Comes now the Plaintiff, Caravels, LLC, d/b/a Georgia Transformer Corp. ("Plaintiff"), by counsel, and for its Amended Complaint against Weidmann Electrical Technology, Inc. ("Weidmann") states as follows:

1. Plaintiff is a power transformer manufacturer with its principal office in the City of Roanoke, Virginia.

2. Weidmann is a Vermont corporation which manufacturers transformer components, including insulating transformer boards, with its principal place of business in Vermont.

3. On or about February 2019, Plaintiff purchased a number of three millimeter thick hot press dried T-IV transformer boards (hereinafter "transformer boards") from Weidmann to be used by Plaintiff in the manufacture of a transformer Plaintiff identifies as Job GA265A. In particular, the transformer boards would be used as insulation on winding cylinders in the

1

transformer. The transformer boards are comprised of pressboard made of plied layers of pulp and water.

4. The winding cylinders serve the purpose of insulating windings from other windings and supporting the windings against collapse.

5. The transformer boards are wrapped around the winding cylinders to provide insulation.

6. On or about February 2019, Plaintiff used the purchased transformer boards on the high voltage winding cylinder of transformer GA265A.

7. On manufacture of the transformer, it was put through a final required test. It initially failed a temperature rise test and Plaintiff opened the transformer and determined that a sensor was blocked and was not taking accurate readings and made the repair.

8. Upon repair of sensor, and retesting thereafter, the transformer failed impulse testing which reflected a problem with the electrical impulses within the transformer. The transformer was opened and the high voltage cylinder was inspected and revealed several flash overs between disks. Upon removal of the winding cylinder, a large carbon track was observed evidencing failure in the Weidmann transformer boards reflecting that the Weidmann transformer board insulation failed and high voltages migrated through the insulation board causing fire like damages within the transformer.

9. Upon evaluation of the failed transformer board insulation, it was revealed that air pockets or voids existed in the plies of the pressboard material comprising the transformer board that made the winding cylinder. One or more of these voids allowed the high voltages to migrate through the insulation board and cause damage to the transformer resulting in its failure.

10. Plaintiff consequently was forced to rebuild the transformer at a great cost and expense causing delayed delivery of the transformer to the customer.

## COUNT I (IMPLIED WARRANTY OF MERCHANTABILITY)

11. The allegations in paragraphs 1 through 10 are incorporated herein by reference.

12. In the sale of the transformer boards, Weidmann impliedly warranted that they were merchantable in accordance with the implied warranty of merchantability under Virginia Code Section 8.01-314.

13. Weidmann breached the implied warrant of merchantability in that the transformer boards were defective and were not at least such as to pass without objection in the trade and were not fit for the ordinary purposes for which such goods are used.

14. As a result of said breach, Plaintiff was damaged in that, among other things, it had to rebuild the transformer at a great cost and expense.

WHEREFORE, Plaintiff moves for judgment against the Defendant, Weidmann Electrical Technologies, Inc., in the amount of Six Hundred Forty-Nine Thousand Fifty Dollars ($649,050.00) together with pre-judgment and post judgment interest, and its costs in this behalf expended.

## COUNT II (IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE)

15. The allegations in paragraphs 1 through 10 are incorporated herein by reference.

16. At all times relevant hereto, Weidmann knew of the particular purpose for which the transformer boards were required by the Plaintiff, knowing that they would be rolled on the winding cylinders to provide adequate and proper insulation.

17. Weidmann knew that Plaintiff was relying on Weidmann's skill or judgment to furnish suitable goods for such application and further knew that the Plaintiff was relying on

Weidmann to provide adequate and proper instructions for the application of the transformer boards on the winding cylinders to meet their intended purpose.

18. Weidmann under the circumstances in selling the transformer boards impliedly warranted pursuant to Virginia Code Section 8.2-315 that they were fit for said particular purposes.

19. In evaluating the failure of its boards after they failed, Weidmann has now informed Plaintiff that it "recommends" wetting the boards prior to rolling them on the winding cylinders, as the wetting process will make them pliable and reduce stresses on them during the winding process and potentially avoid the air pockets which may occur during the winding process.

20. Indeed, after the failure, a Weidmann representative informed Plaintiff that when Weidmann manufactures its own winding cylinders, it wets any of its transformer boards which have a thickness of more than one-sixteenth of an inch.

21. The three millimeter transformer boards at issue here are thicker than one-sixteenth of an inch, but at no time did Weidmann instruct Plaintiff that it recommends wetting the three millimeter boards prior to rolling then nor did it warn plaintiff not to roll them dry.

22. To the extent that wetting is required or recommended for transformer boards thicker than one-sixteenth of an inch prior to rolling them, Weidmann had a duty in the sale of the boards to inform or warn the Plaintiff of such requirement for the goods to be fit for the particular purposes intended here, but it failed to do so.

23. Weidmann breached its implied warranty of fitness for a particular purpose as the transformer boards were not fit to be used for Plaintiff's particular purposes, including the dry rolling application on the winding cylinder.

24. As a proximate cause of the breach of the implied warranty of fitness for a particular purpose, the transformer boards failed damaging the transformer and causing Plaintiff damages including, but not limited to, the Plaintiff rebuilding the transformer at a great cost and expense.

WHEREFORE, Plaintiff moves for judgment against the Defendant, Weidmann Electrical Technologies, Inc., in the amount of Six Hundred Forty-Nine Thousand Fifty Dollars ($649,050.00) together with pre-judgment and post judgment interest, and its costs in this behalf expended.

## COUNT III (NEGLIGENCE IN MANUFACTURE)

25. The allegations in paragraphs through 1 through 10 and 16 through 24 are incorporated herein by reference.

26. At all times relevant hereto, Weidmann had a duty to exercise reasonable care in the manufacture of the transformer boards and in inspecting them before sale to ensure that the plied layers comprising the transformer board were properly plied and did not contain air pockets that could cause failure and damage transformers.

27. Weidmann breached its duty of reasonable care and negligently constructed the transformer boards leaving air pockets and voids between the plied layers and failed to properly inspect and catch this defective condition before selling the boards to Plaintiff.

28. As a proximate cause of the negligence, the air pockets in the plied layers caused the transformer boards to fail damaging the transformer and resulting in damages to the Plaintiff, including but not limited to costs associated with rebuilding the transformer.

WHEREFORE, Plaintiff moves for judgment against the Defendant, Weidmann Electrical Technologies, Inc., in the amount of Six Hundred Forty-Nine Thousand Fifty Dollars

($649,050.00) together with pre-judgment and post judgment interest, and its costs in this behalf expended.

## COUNT IV (NEGLIGENCE/FAILURE TO WARN)

29. The allegations in paragraphs 1 through 10 and 16 through 24 are incorporated herein by reference.

30. At all times relevant hereto, Weidmann knew or should have known that transformer boards exceeding one-sixteenth of an inch in thickness should be wetted before being rolled on winding cylinders to eliminate the risk of air pockets occurring between plies during the rolling process.

31. Weidmann had a duty to warn Plaintiff not to roll the three millimeter boards dry, but failed to provide proper instruction and warning.

32. To the extent it is established that the boards developed air pockets or cracks between the plies during the rolling process as a result of any failure to wet them prior to rolling them, (as opposed to them having been defectively manufactured) it was the result of Weidmann's breaching its duty to instruct and warn Plaintiff not to roll them without wetting them.

33. As a result of Weidmann's negligence in failing to properly instruct and warn the Plaintiff, the transformer boards were dry rolled and, to the extent it is established that dry rolling caused them to develop air pockets or cracks, they failed and damaged Plaintiff's transformer. Plaintiff incurred significant damages including, but not limited to costs associated with rebuilding the transformer.

WHEREFORE, Plaintiff moves for judgment against the Defendant, Weidmann Electrical Technologies, Inc., in the amount of Seven Hundred Two Thousand Dollars

($702,000.00.) together with pre-judgment and post judgment interest, and its costs in this behalf expended.

                                                CARAVELS, LLC, d/b/a Georgia Transformer Corp.

                                                By: /s/Robert A.Ziogas_____
                                                        Of Counsel

Robert A. Ziogas, Esq. (VSB # 24964)
Email: rziogas@glennfeldmann.com
Paul G. Beers, Esq. (VSB # 26725)
Email: pbeers@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8037
Facsimile: (540) 224-8050

Counsel for Plaintiff